|  |  |
|---|---|
| **RASHID ROBERTS** <br> 10 GUILDHALL COURT <br> BALTIMORE, MARYLAND 21244 | IN THE <br><br> CIRCUIT COURT |
| AND | FOR |
| **TONY ROBERTS** <br> 10 GUILDHALL COURT <br> BALTIMORE, MARYLAND 21244 | BALTIMORE CITY |
| *On their own behalf and on behalf of all others similarly situated,* | |
| PLAINTIFFS | |
| v. | CASE NO: _____ |
| **HARBOR GROUP MANAGEMENT CO., LLC** <br> 999 WATERSIDE DRIVE <br> SUITE 2300 <br> NORFOLK, VIRGINIA 23510 | |
| **SERVE ON:** <br> THE CORPORATION TRUST <br> INCORPORATED <br> 351 WEST CAMDEN STREET <br> BALTIMORE, MARYLAND 21201 | |
| AND | |
| **HARBOR GROUP MANAGEMENT CO.** <br> 555 EAST MAIN STREET <br> 17TH FLOOR <br> NORFOLK, VIRGINIA 23510 | |
| **SERVE ON:** <br> THE CORPORATION TRUST <br> INCORPORATED <br> 351 WEST CAMDEN STREET <br> BALTIMORE, MARYLAND 21201 | |
| DEFENDANTS | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

The Plaintiffs Rashid Roberts and Tony Roberts ("Named Plaintiffs" or "Plaintiffs"), individually and on behalf of all others similarly situated (the "Class), file this Class Action Complaint and Demand for Jury Trial through their counsel against Defendants Harbor Group Management Co., LLC and Harbor Group Management Co., and for cause states:

## BACKGROUND

1. The Plaintiffs file this action against Defendants Harbor Group Management Co., LLC and Harbor Group Management Co., (collectively "HarborGroup") the managing agent(s) for the residential apartment complex where they reside, for the charging and/or collecting of impermissible and illegal "late fees" above and beyond the 5% of the monthly rent allowed by Maryland law. Defendants charged and collected the impermissible "late fees" from the Plaintiffs and other members of the class.

2. The Plaintiffs and others similarly situated were forced to pay fees added to their rent by Harbor Group and collected by its agents.

3. Harbor Group charges 5% of the monthly rental payment, as a late fee on the sixth day of the month, if a tenant has not paid the monthly rent.

4. Around the same time, Harbor Group charges the tenants a fee which is noted as an "Attorney/Court Cost" and "Legal Fee" on the tenants' bills. The purported court costs and legal fees are charged even in instances when no court proceeding is commenced by the landlord. Harbor Group's agents nonetheless collect the impermissible and illegal fees from tenants.

5. Pursuant to §8-208(d) of the Real Property Article of the Maryland Code, "[a] landlord may not use a lease or form of lease containing any provision that ... (3)(i) Provides for a penalty for the late payment of rent in excess of 5% of the amount of rent due for the rental

2

period for which the payment was delinquent." This section of the Maryland code operates to cap the amount of late fees that a landlord may charge a tenant at 5% of the monthly rent.

6. Section 8-208(g)(1) of the Real Property Article of the Maryland Code, provides that "[a]ny lease provision which is prohibited by terms of this section shall be unenforceable by the landlord."

7. Further, §8-208(g)(2) allows for the tenant to recover actual damages and reasonable attorney's fees if the landlord "tenders a lease containing such a provision or attempts to enforce or makes known to the tenant an intent to enforce any such provision."

8. Given Defendants' actions and violations, Maryland law entitles Plaintiff and the Class to compensatory damages, declaratory judgment, and injunctive relief along with their attorneys' fees.

9. Defendants' violations of Maryland law have enriched Harbor Group unfairly at the expense of Maryland tenants in the Class.

10. Defendants' failure to comply with Maryland law is done knowingly.

## PARTIES

11. Named Plaintiffs are tenants living in a property in Baltimore County that is managed by Harbor Group and who has been charged and paid illegal fees.

12. Defendant Harbor Group Management Co. is a Virginia corporation that was apparently converted in January 2016. It acted as the agent for the landlord at the Glens at Rolling Road and, upon information and belief, at a number of other multi-family rental properties in Maryland.

13. Defendant Harbor Group Management Co., LLC is a limited liability company organized under the laws of the Commonwealth of Virginia and was registered to do business in

3

Maryland on February 2, 2016. Upon information and belief, Harbor Group Management Co., LLC is the entity that now acts as the agent for Glens at RollingRoad and twelve other properties in Maryland. Upon information and belief, it is the surviving entity under Virginia law of Harbor Group Management Co. after the Harbor Group Management Co. was converted into Harbor Group Management Co., LLC. According to www.hgliving.com, "Harbor Group Management Company" is a full service property management company that manages 3 billion dollars of residential apartment communities, office buildings, medical office buildings and shopping centers throughout the United States.

14. Defendant Harbor Group Management Co. and Defendant Harbor Group Management Co., LLC will be referred to collectively as "Defendant Harbor Group," given that they appear to perform the same functions for the same entities and that the LLC entity is apparently the surviving entity of Harbor Group Management Co.

## JURISDICTION AND VENUE

15. Declaratory and injunctive relief are available pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-401, *et seq.* and Md. Rule 2-231(b)(2).

16. Venue in this District is proper in that Defendants transact or transacted business within Baltimore City and caused tortious injury in Maryland in Baltimore City.

17. This Court has jurisdiction of this matter pursuant to Md. Rule 2-231 in order to facilitate management of multiple similar claims. Maryland law does not permit class actions to be maintained in the District Court of Maryland.

## FACTUAL ALLEGATIONS

18. On or about May 6, 2016, Plaintiffs Rashid Roberts and Tony Roberts, who are brothers, entered into an Apartment Lease Contract for the rental of Apartment No. 10 at 10

4

Guildhall Court, Baltimore, Maryland 21244 (hereinafter the "Lease"). The initial term of the lease began on May 6, 2016 and will end on April 5, 2017. Harbor Group Management Co. is listed as the owner's representative or managing agent on the Lease. The monthly rent was $1095.00 and there were recurring monthly charges of $10.00 fr trash service and $2.00 for pest control services.

19. The Lease provides in paragraph 6 that "the total amount of your late charges shall not exceed five percent (5%) of your monthly rent payment." In Section 32, the amended version found on the form "Additional Special Provisions," the Lease states, "[t]he landlord may recover from the Tenant attorney's fees and all other litigation costs, as so awarded by the Court."

20. On August 5, 2016, Plaintiffs had not yet paid rent and were charged by Defendants an "Attorney/Court Cost" and "Legal Fee" of $30.00. The next day, August 6, 2016, Plaintiffs were charged $54.75 for a "Late Fee," which amounts to 5% of $1095.00 rent. Plaintiffs made payments of $553.50, $500.00 and $54.00 to Defendants on August 9, 2016.

21. No more than 5% of the Plaintiffs' monthly rent was allowed to be charged as a late fee by Maryland law as codified in §8-208 of the Real Property Article of the Maryland Code and by the Lease.

22. At the time the "Attorney/Court Cost" and "Legal Fee" was assessed, August 5, 2016, Plaintiffs had not been contacted by an attorney for the landlord and no court proceedings had commenced against them.

23. No court had awarded any attorneys' fees or court costs for the "Attorney/Court Cost" "Legal Fee" of $30.00 charged by Defendants.

24. Harbor Group is a sophisticated property manager that is currently managing

5

twelve (12) residential apartment complexes in Maryland.

25. On information and belief, as a part of its routine business practices in Maryland, Harbor Group systematically and regularly charges Maryland tenants fees in excess of the permissible 5% late fee.

26. Harbor Group has knowingly assessed, demanded and attempted to collect or has collected alleged fees in excess of the permissible 5% late fee under the guise of "attorney fees," "court fees," and/or "legal fees" from the Named Plaintiffs and the Class, for which the tenants were not liable as a matter of law.

27. On information and belief, Harbor Group has made unlawful demands to the Named Plaintiffs and the Class, has falsely represented to the Maryland tenants at properties which it manages, that the fees in excess of the permissible 5% late fee were owed, and has collected money from tenants to which Defendants were not entitled.

28. On information and belief, at all relevant times, Harbor Group has had actual knowledge that the Named Plaintiff and the Class were being charged improper and illegal fees in excess of the permissible 5% late fee; that the Named Plaintiff and the Class were not liable for such fees, but has nevertheless persisted in its unlawful billing and collection activities.

29. Unless and until this Court grants the declaratory and injunctive relief that Plaintiffs seek through this action, Harbor Group will continue to engage in business practices which violate Maryland law and which result in profits to which it and the landlords it represents are not entitled.

## CLASS ACTION ALLEGATIONS

30. The Named Plaintiff brings this action individually and on behalf of all persons similarly situated, known as the Class.

31. The Class consists of: all persons who are or were tenants in a residential rental property managed by Defendant Harbor Group in Maryland who were charged or paid fees indicated as "court fees," "attorneys fees," or "legal fees," which were not actually incurred or awarded by a court and were in excess of the permissible 5% late fee allowed by Maryland law.

32. Excluded from the Class are:

    a. those individuals who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals;

    b. any individuals against whom a judgment that included late fees and attorneys' fees and court costs has been granted in favor of Defendant Harbor Group or a landlord for which it was managing properties before the date of the filing of this Complaint; and

    c. any individual who was granted a discharge pursuant to the United States Bankruptcy Code or state receivership laws after the date of his or her lease.

33. The Class, as defined above, is identifiable. Named Plaintiffs are members of the Class.

34. Upon information and belief, the Class consists, at a minimum, of several hundred of Maryland tenants and is thus so numerous that joinder of all members is clearly impracticable.

35. There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting individual class members. The common and predominating questions include, but are not limited to:

    a. Whether Defendant Harbor Group and the landlords for which it was managing properties charged fees in excess of the 5% late fee allowed by Maryland law

7

under the guise of court fees, attorney fees, and/or legal fees;

b. Whether Defendant Harbor Group and the landlords for which it was managing properties knowingly violated Maryland law, and therefore should be required to pay three times the amount of interest, fees and other charges collected;

c. Whether Defendant Harbor Group and the landlords for which it was managing properties, assessed, attempted to collect and/or collected fees in excess of the 5% late fee allowed by Maryland law from members of the Class that the Defendant had no legal right to demand or collect, and for which the Class members were not liable;

d. Whether declaratory and injunctive relief is proper to prevent Defendant Harbor Group and the landlords for which it was managing properties from continuing to collect illegal amounts;

e. Whether the class members are entitled to a refund of all fees paid to the Defendants, treble damages, as well as interest accrued, and attorneys' fees; and

f. Whether the class members are entitled to a refund of all fees paid to the Defendant, as well as interest accrued, and reasonable attorneys' fees under §8-208(g)(2) of the Real Property Article of the Maryland Code.

36. The Plaintiffs' claims are typical of the claims of the respective members of the Class within the meaning of Maryland Rule 2-231(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of Harbor Group and the landlords for which it was managing properties. The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of Maryland Rule 2-231(b)(1)(A).

8

37. Harbor Group's actions are applicable to the Class as a whole, and Plaintiffs seek equitable remedies with respect to the Class as a whole, within the meaning of Maryland Rule 2-231(b)(2).

38. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Rule 2-231(b)(3). The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and the fact that Harbor Group affirmatively misrepresents to consumers their rights and obligations.

39. Plaintiffs' counsel is experienced in class actions, and foresee little difficulty in the management of this case as a class action.

40. Named Plaintiffs are adequate and have no interests antagonistic to the class and will fairly represent the interests of the Class in accordance with their affirmative obligations and fiduciary duties.

## COUNT ONE
### (VIOLATION OF MARYLAND REAL PROPERTY LAW)
### ON BEHALF OF THE CLASS

41. Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

42. Pursuant to §8-208(d) of the Real Property Article of the Maryland Code, "[a] landlord may not use a lease or form of lease containing any provision that ... (3)(i) Provides for a penalty for the late payment of rent in excess of 5% of the amount of rent due for the rental period for which the payment was delinquent."

9

43. This section of the Maryland code operates to cap the amount of late fees that a landlord may charge a tenant at 5% of the monthly rent.

44. Section 8-208(g)(1) of the Real Property Article of the Maryland Code, provides that "[a]ny lease provision which is prohibited by terms of this section shall be unenforceable by the landlord." Further, §8-208(g)(2) allows for the tenant to recover actual damages and reasonable attorney's fees if the landlord "tenders a lease containing such a provision or attempts to enforce or makes known to the tenant an intent to enforce any such provision."

45. In violation of §8-208(g) of the Real Property Article of the Maryland Code Defendant Harbor Group and all landlords for which it was managing properties, charged, collected and attempted to collect late fees and court costs in excess of 5% of the monthly rent under the guise of court fees, attorney fees, and/or legal fees.

46. Defendant Harbor Group and all landlords for which it was managing their properties knowingly violated §8-208(g) of the Real Property Article of the Maryland Code and must pay to Plaintiff and the Class members actual damages and reasonable attorneys' fees.

## COUNT TWO
## (BREACH OF CONTRACT)
## ON BEHALF OF THE CLASS

47. Named Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

48. Defendants utilized standard form Lease documents as amended by addenda to the Lease.

49. The Lease provisions allowed for no more 5% of the monthly rental amount in late fees and the Lease allowed for attorneys' fees and court costs only as awarded by a court.

50. Defendants breached the contract with Named Plaintiffs and upon information

10

and belief, breached the lease contracts with the Class Members by charging fees in excess of 5% of the monthly rental amount in late fees by tacking on "Attorney/Court Cost" and "Legal Fee" when there were no such fees and costs and when the lease provisions did not allow for the imposition of such fees and costs.

51. Named Plaintiffs and the members of the Class seek to recover damages in the amount of fees and costs in excess of 5% of the monthly rental amount in contravention of the lease provisions and Maryland law.

## COUNT THREE
### (VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT) ON BEHALF OF CLASS

52. Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

53. Harbor Group's actions in attempting and collecting of fees in excess of the 5% late fee allowed by Maryland law or by contract violates Md. Code Ann., Com. Law § 14-202(8) which prohibits a debt collector from making any "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist."

54. Defendant's collection of court fees which it did not have a legally enforceable right to collect also violated Md. Code Ann., Com. Law § 14-202(6), which prohibits a collector from "communicat[ing] with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor."

55. The late fees which Defendants attempted to collect and collected under the guise of court fees, attorney fees, and/or legal fees concerned "real or personal property, services,

11

money, or credit for personal, family, or household purposes." Md. Code Ann., Com. Law § 14-201(c), namely the underlying debt was for personal, residential housing.

56.   Defendants are "collectors" under Md. Code Ann., Com. Law § 14-201(b) as they collected or attempted to collect an alleged debt -- fees in excess of the 5% late fee allowed by Maryland law -- arising out of a consumer transaction, namely a personal, residential lease transaction.

57.   Named Plaintiffs have been damaged as described above. The Plaintiff Class Members have suffered similar damages.

58.   A collector who violates any provision of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201, *et seq.* is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

## COUNT FOUR
### (MARYLAND CONSUMER PROTECTION ACT)
### ON BEHALF OF THE CLASS

59.   Named Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

60.   Maryland's Consumer Protection Act ("CPA"), Md. Code Ann., Com. Law § 13-101 *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices regarding, among other things, the rental of consumer realty and the collection of consumer debts. Md. Code Ann., Com. Law §§ 13-303(1) and (5).

61.   As a "person" under the CPA, Md. Code Ann., Com. Law § 13-101(h), Defendants are prohibited from engaging in unfair and deceptive trade practices.

62.   The CPA specifically prohibits Defendants from making any false or misleading

12

oral or written statement or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers. Md. Code Ann., Com. Law § 13-301(1).

63. The CPA further prohibits Defendants from failing to state a material fact if the failure deceives or tends to deceive. Md. Code Ann., Com. Law § 13-301(3).

64. In violation of the CPA, Md. Code Ann., Com. Law §§ 13-301(1) and (3), Defendants told the Named Plaintiffs and the Class orally and in writing that they were obligated to pay the court fees that were not legally enforceable.

65. Defendants engaged in unfair and deceptive practices by collecting and attempting to collect on monies which, in fact, were not legally due, were not legally enforceable and this conduct constitutes unfair and deceptive trade practices in violation of the CPA, Md. Code Ann., Com. Law § 13-101 *et seq.*, including Md. Code Am., Com. Law §§ 13-303(1) and (5), and §§ 13-301(1) and (3).

66. A violation of Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 *et seq.* is an unfair and deceptive trade practice in violation of the CPA.

67. As a result of Defendants' unfair and deceptive trade practices in violation of the CPA, members of the Class were induced to make payments to Defendants in excess of what is legal, causing Named Plaintiffs and the members of the Class injury or loss.

68. Defendants acted knowingly while attempting to enforce the fees in excess of and in derivation of those which are allowed by law and contract.

69. Named Plaintiffs and the members of the Class seek to recover damages and their attorneys' fees from Defendants.

**COUNT FIVE**
**(UNJUST ENRICHMENT)**
**ON BEHALF OF THE CLASS**

70.     Named Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

71.     By paying money on the improper and illegal fees and costs demanded by Defendants, the Named Plaintiffs and Class conferred the benefit of these illegally demanded and collected charges upon Defendants.

72.     Defendants accepted the benefits conferred upon it by the Named Plaintiffs and the Class when they accepted the money paid toward illegally assessed fees and costs. Defendants were aware of, and had knowledge of, the benefits conferred on it, as it demanded those benefits.

73.     Defendants' collection, acceptance and retention of the impermissible and illegal fees and costs, when they were not entitled to those charges as a matter of law, is and was and continues to be unjust and inequitable. Defendants should not be permitted to retain the benefits of those illegal charges. Defendants continued withholding of the illegal charges is improper.

74.     The Named Plaintiffs and members of the Class conferred these unjust benefits upon Defendants after and as a result of Defendants' illegal misconduct as set forth in this complaint.

## COUNT SIX
## (DECLARATORY AND INJUNCTIVE RELIEF)
## ON BEHALF OF THE CLASS

75.     Named Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

76.     Named Plaintiffs seek a declaration on their behalves and on behalf of the Plaintiff Class Members that the Defendants are not entitled to any fees in excess of 5% of the monthly rent from the Plaintiff Class Members due to tenants' late payment

14

of rent since Defendants were acting unlawfully when they attempted to collect and collected such fees from Plaintiffs and the Class Members. Only if a court in Maryland awarded Defendants court costs are those fees legal and permissible under the law and by contract.

77. Defendants should be ordered to disgorge all fees in excess of the 5% late fee permissible under Maryland law and pursuant to contract received from the Plaintiff Class Members that they have obtained as a result of collecting the impermissible and illegal fees and costs. The disgorged amounts are liquidated amounts.

78. Defendants should be enjoined from attempting to collect or collecting fees in excess of the 5% late fee permissible under Maryland law.

79. Alternatively, Named Plaintiffs seek a declaration that the Defendants are not entitled to the assistance of any Maryland court to enforce any claim for court costs, fees or interest sought to collect upon the improper and illegal late fees.

WHEREFORE, Plaintiffs pray that the following relief be granted to the Named Plaintiffs and the Class on their claims set forth above:

- A. The Court certify a class of persons as set forth herein or as may be amended, appoint the Plaintiffs as Class Representatives and their counsel as Class Counsel;
- B. The Court enter a declaratory judgment establishing that Defendants may not collect any attorneys' fees or court costs in excess of 5% of the monthly rent from the Named Plaintiffs and the Class Members due to tenants' late payment of rent;

15

C. The Court enter an order granting the Named Plaintiffs and members of the Class a preliminary and permanent injunction prohibiting Defendants from attempting to collect or collecting fees in excess of the 5% late fee permissible under Maryland law from the Named Plaintiff and members of the Class;

D. The Court order that Defendants pay to the Named Plaintiffs and members of the Class all impermissible and illegal fees collected by the Defendants from the Plaintiffs and Class members;

E. The Court enter judgment in favor of the Named Plaintiffs and members of the Class against Defendants in the amount of all sums paid by the Named Plaintiffs and members of the Class toward the claimed and improper fees, costs and other charges;

F. The Court enter an award of pre-judgment and post-judgment interest on all sums awarded to the Named Plaintiffs and members of the Class;

G. The Court award to the Named Plaintiffs and members of the Class reasonable counsel fees and the costs of these proceedings; and,

H. The Court order such other and further relief as the nature of this case may require.

I. In order to comply with the Maryland Rules, the amount sought for damages is in excess of $75,000.00.

## NOTICE OF CLAIM FOR ATTORNEYS' FEES

Plaintiffs hereby give notice, pursuant to the Maryland Rules, that they seek attorneys' fees in this case.

16

Respectfully submitted,

Matthew Thomas Vocci
Jane Santoni
Chelsea Ortega
Santoni, Vocci & Ortega, LLC
401 Washington Avenue, Suite 200
Towson, Maryland 21204
Phone 443-921-8161
Fax 410-525-5704
mvocci@svtlaw.com

ATTORNEYS FOR THE NAMED PLAINTIFF
AND THE CLASS

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the Class Members, demand trial by jury.

Matthew Thomas Vocci

17